IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.: 1:11cr9/RH/GRJ
                 1:15cv5/RH/GRJ

FREDDIE LOY WALKER, JR.

# REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's Second Amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 146), and the Government's response thereto. (ECF No. 151.) After a review of the record and the arguments presented, the court concludes that Petitioner's § 2255 motion should be denied. *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## BACKGROUND

Petitioner was charged in a single count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e), and convicted after a jury trial. (ECF Nos. 1, 88.)

The Presentence Investigation Report ("PSR") reflects that Petitioner was an Armed Career Criminal whose total offense level was 34 and criminal history category was VI. (ECF No. 103.) The offenses supporting the

Armed Career Criminal Act ("ACCA") enhancement were not specifically identified. However, the PSR reflects that Petitioner had three prior convictions for resisting an officer with violence, two of which occurred on the same day, and one conviction for aggravated battery, a lesser included offense of attempted second degree murder (ECF No. 103, PSR ¶¶ 30, 35, 40). The applicable guidelines range was 262 to 327 months. The court sentenced Petitioner at the low end of this range, to a term of 262 months imprisonment. (ECF No. 123 at 29, 40; ECF No. 108.) Petitioner's conviction and sentence were affirmed on appeal. (ECF No. 131.)

Petitioner timely filed a motion to vacate pursuant to 28 U.S.C. § 2255, which he thereafter amended, twice. (ECF Nos. 133 & 144. It is the second amended motion that is currently pending before the court. (ECF No.146.) As his sole claim for relief, Petitioner contends that he is entitled to sentencing relief pursuant to *Johnson v. United States,* 135 S. Ct. 2551 (2015). The Government opposes the motion.

## ANALYSIS

Under the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or

both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or
> (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*."

18 U.S.C. § 924(e)(2)(B)(i) and (ii). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The Court did not call into question the remainder of the ACCA's definitions of a violent felony. *Id.*

Petitioner alleges, without elaboration or citation to the record, that the district court relied upon the residual clause of the ACCA to enhance his sentence. Petitioner is mistaken. Even if he were not, each of his ACCA predicate offenses qualified, and still qualifies, as a violent felony under the ACCA's elements clause. *See In re Hires*, 825 F. 3d 1297, 1301 (11th Cir. 2016) (aggravated battery is an ACCA predicate under the

elements clause); *In re Rodgers*, 1325 F. 3d 1335, 1341 (11th Cir. 2016) (same); *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015) (resisting an officer with violence is an ACCA predicate under the elements clause). Therefore, Petitioner is not entitled to sentencing relief, and his motion should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Second Amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 146) should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 22nd day of May, 2017.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:11cr9/RH/GRJ; 1:15cv5/RH/GRJ